Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Tel. (323) 744-1146
Fax. (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorneys for Plaintiff James Wesley Carter*
*and the proposed Class*
*Additional attorneys on signature page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WESLEY CARTER, individually and on behalf of a class of similarly situated persons, | ) ) ) )  Case No. 5:15-cv-1531-MWF-JC |
| Plaintiff, | ) ) )  **PLAINTIFF'S NOTICE OF** |
| vs. | ) ) )  **MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;** |
| SHALHOUB MANAGEMENT COMPANY, INC., DESERT GATE MANAGEMENT, LLC, DNR MANAGEMENT, LLC, DNS2 MANAGEMENT, LLC, SHALHOUB MCDONALD'S, RICHARD AND DALE SHALHOUB FAMILY TRUST RICHARD M. SHALHOUB | ) ) ) )  **MEMORANDUM OF LAW IN SUPPORT THEREOF** ) ) ) ) )  Complaint Filed:  July 29, 2015 ) ) )  Hearing Date:  October 17, 2016 ) )  Courtroom:  1600 )  Time:  10:00 a.m. |
| Defendants. | ) ) ) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 17, 2016 at 10:00 a.m., in Courtroom 1600, United States District Court, 312 North Spring Street, Los Angeles, California 90012, before the Honorable Michael W. Fitzgerald, Plaintiff James Wesley Carter will and hereby does move for an Order Granting Preliminary Approval of Class Action Settlement, pursuant to the Settlement Agreement filed concurrently herewith.

This Motion is made pursuant to Fed. R. Civ. P. 23 and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Law, the Settlement Agreement and such evidence and argument as the Court may consider at the hearing on this Motion.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

DATE:  September 15, 2016

*/s/ James A. Francis*
James A. Francis (*pro hac vice*)
David A. Searles (*pro hac vice*)
100 South Broad Street, Suite 1902
Philadelphia, PA 19110
T: (215) 735-8600
jfrancis@consumerlawfirm.som
dsearles@consumerlawfirm.com

Stephanie R. Tatar, Esq.
**TATAR LAW FIRM, APC**
3500 West Olive Ave., Suite 300
Burbank, CA 91505
T: (323) 744-1146

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

I.     INTRODUCTION.................................................................................1

II.    PROCEDURAL HISTORY..................................................................4

III.   THE PROPOSED SETTLEMENT......................................................5

    A.   The Settlement Class...............................................................5

    B.   Injunctive Relief.......................................................................6

    C.   The Consideration Provided To The Class Under
         The Settlement Agreement .......................................................6

    D.   A Release Of Section 1681b(b)(2) Claims Only ..................8

    E.   The Required Class Action Fairness Act Notice .................8

    F.   Notice And Settlement Administration...................................9

    G.   Attorneys' Fees And Expenses; Service Awards ..............11

    H.   *Cy Pres* Award ......................................................................11

    I.    Exclusions And Objections...................................................12

IV.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL........13

    A.   The Settlement Approval Process.........................................13

    B.   Preliminary Approval.............................................................15

         1.   The Settlement Negotiations Were At Arm's Length.................16

         2.   Plaintiff's Counsel Had Ample Discovery To Make
             An Informed Judgment On The Merits Of The Claims ..............17

         3.   Plaintiff's Counsel, Who Are Highly Experienced
             In Class Action Procedure And The Claims At Issue
             In The Case, Believe The Settlement Is Fair, Reasonable
             And Adequate ..................................................................18

         4.   The Risks Of Litigation Support Approval ...................................18

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

5. The Settlement Presents No Deficiencies ...................................20

    a. The *Cy Pres* Beneficiaries Meet
Ninth Circuit Requirements ....................................20

    b. Plaintiff's Counsel's Anticipated
Application for Attorneys' Fees ...........................21

V. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS
APPROPRIATE ..........................................................................22

    A. The Class Satisfies The Numerosity Requirement ...........................23

    B. The Class Satisfies The Commonality Requirement ........................23

    C. The Plaintiff Meets The Typicality Requirement ..............................24

    D. The Plaintiff Satisfies The Adequacy Requirement ........................25

    E. The Class Satisfies The Criteria Of Rule 23(b) ................................26

        1. Common Questions Predominate ............................26

        2. A Class Action Is The Superior Method For
The Fair And Efficient Adjudication Of
This Controversy...................................................27

        3. The Individual Class Members' Interest
In Controlling The Litigation...................................28

        4. Extent And Nature Of Litigation Already
Commenced By Class Members.................................29

        5. The Desirability Of Concentrating The
Litigation In A Particular Forum ...........................29

        6. This Case Is Manageable As A Class Action ...........................29

VI. THE PROPOSED CLASS NOTICE IS
CONSTITUTIONALLY SOUND............................................30

VII. PROPOSED SCHEDULE ...................................................31

XIII. CONCLUSION ..................................................................32

iii

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

# **TABLE OF AUTHORITIES**

## **CASES**

*Adams v. Inter-Con Sec. Sys. Inc.*,
  2007 WL 3225466 (N.D. Cal. Oct. 30, 2007) ...............................17

*Alberto v. GMRI, Inc.*,
  252 F.R.D. 652 (E.D. Cal. 2008) ....................................................15

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)...........................................................................29

*Amgen Inc. v. Conn. Retirement Plans & Trust Funds*,
  133 S. Ct. 1184 (2013)......................................................................27

*Avila v. NOW Health Group, Inc.*,
  2014 WL 3537825 (N.D. Ill. July 17, 2014) ...................................2

*Barel v. Bank of Am.*,
  255 F.R.D. 393 (E.D. Pa. 2009) ...................................................25

*Beck-Ellman v. Kaz USA, Inc.*,
  2013 WL 1748729 (S.D. Cal. Jan. 7, 2013) ...................................15

*Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*,
  2014 WL 4403524 (E.D. Va. Sept. 5, 2014) ...................................26

*Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*,
  917 F.2d 1171 (9th Cir. 1990) .......................................................24

*Churchill Village, LLC v. General Electric*,
  361 F.3d 566 (9th Cir. 2004) .........................................................18

*Class Plaintiffs v. Seattle*,
  995 F.2d 1268 (9th Cir. 1992) .......................................................13

*Dennis v. Kellogg*,
  697 F.3d 858 (9th Cir. 2012) ................................................. 12, 20

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  133 S. Ct. 2179 (2011).....................................................................27

*Gribble v. Cool Transports*,
  2008 WL 5281665 (C.D. Cal. Dec. 15, 2008)...............................22

*Groshek v. Great Lakes Higher Education Corporation*,
  2015 WL 7294548 (W.D. Wis. Nov. 16, 2015) ...............................2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Groshek v. Time Warner Cable, Inc.*,
  2015 WL 4620013 (E.D. Wis. July 31, 2015)..................................................2

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ........................................................ 24, 25

*In re Connecticut General Life Ins. Co.*,
  1997 WL 910387 (C.D. Cal. Feb. 13, 1997) ...............................................22

*In re Employee Benefit Plans Secs. Litig.*,
  1993 WL 330595 (D. Minn. June 2, 1993) ...............................................16

*In re Netflix Privacy Litig.*,
  2012 WL 2598819 (N.D. Cal. July 5, 2012) ...............................................17

*In re Omnivision Tech., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008)......................................................22

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
  962 F. Supp. 450 (D.N.J. 1997)...............................................................29

*In re Sumitomo Copper Litig.*,
  189 F.R.D. 274 (S.D.N.Y. 1999) ...............................................................15

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007).................................................3, 15

*In re Wash. Pub, Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ...............................................................21

*Jones v. Halstead Management Company, LLC*,
  81 F. Supp. 3d 324 (S.D.N.Y.  2015) ........................................................2

*Lane v. Facebook, Inc.*,
  696 F.3d 811 (9th Cir. 2012) ...............................................................12

*Lengel v. HomeAdvisor, Inc.*,
  2015 WL 2088933 (D. Kan. May 6, 2015) ...............................................2

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998)...............................................................13

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas*,
  244 F.3d 1152 (9th Cir. 2001)...............................................................28

*Manuel v. Wells Fargo Bank, N.A.*,
  2015 WL 4994538 (E.D. Va. Aug. 19, 2015) ...............................................2

*Martin v. Fair Collections & Outsourcing, Inc.*,
  2015 WL 4064970 (D. Md. June 30, 2015) ...............................................2

v                                                    15-cv-1531-MWF-JC

*Milbourne v. JRK Residential America, LLC*,
    2015 WL 1120284 (E.D. Va. March 10, 2015)................................................2

*Miller v. Quest Diagnostics*,
    2015 WL 545506 (W.D. Mo. Jan. 28, 2015)....................................................2

*Moore v. Rite Aid Hdqtrs Corp.*,
    2015 WL 3444227 (E.D. Pa. May 29, 2015)....................................................2

*Mullane v. Central Hanover* Trust,
    339 U.S. 306 (1950).....................................................................................30

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004)..................................................................16

*Negrete v. Allianz Life Ins. Co. of North America*,
    238 F.R.D. 482 (C.D. Cal. 2006)..................................................................29

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985).....................................................................................28

*Rawlings v. ADS Alliance Data Systems, Inc.*,
    2015 WL 3866885 (W.D. Mo. June 23, 2015).................................................2

*Reardon v. ClosetMaid Corporation*,
    2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) ...................................................2

*Robrinzine v. Big Lots Stores, Inc.*,
    2016 WL 212957 (N.D. Ill. Jan. 19, 2016)......................................................1

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................. 13, 15

*Safeco Insurance Co. of America v. Burr*,
    551 U.S. 47 (2007) ............................................................................... 13, 20

*Singleton v. Domino's Pizza, LLC*,
    2012 WL 245965 (D. Md. Jan. 25, 2012) .......................................................2

*Speer v. Whole Food Market Group, Inc.*,
    2015 WL 1456981 (M.D. Fl. Mar. 30, 2015)...................................................2

*Tchoboian v. Parking Concepts, Inc.*,
    2009 WL 2169883 (C.D. Cal. Jul. 16, 2009) .................................................28

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) .......................................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)................................................................................23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Westways World Travel, Inc. v. AMC Corp.*,
   218 F.R.D. 223 (C.D. Cal. 2003)...............................................................28

*White v. Experian Info. Solutions*,
   2014 WL 1716154 (C.D. Cal. May 1, 2014)................................................26

*Williams v. Gerber*,
   552 F.3d 934 (9th Cir. 2008) .....................................................................27

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ...................................................................28

*Yokayama v. Midland Nat'l Life Ins. Co.*,
   594 F.3d 1087 (9th Cir. 2010) ...................................................................27

*Young v. Polo Retail*,
   2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ............................................15

## STATUTES

15 U.S.C. § 1681b(b)(2) ......................................................................... *passim*

15 U.S.C. § 1681b(b)(3) ...................................................................................2, 8

15 U.S.C. § 1681n(a)(1)(A) ...............................................................................19

15 U.S.C. § 1681o..............................................................................................19

28 U.S.C. § 1715 ...............................................................................................8

## RULES

Fed. R. Civ. P. 12(b)(6)......................................................................................4

Fed. R. Civ. P. 23(a)(1).....................................................................................23

Fed. R. Civ. P. 23(a)(2).....................................................................................23

Fed. R. Civ. P. 23(a)(3).....................................................................................24

Fed. R. Civ. P. 23(a)(4).....................................................................................25

Fed. R. Civ. P. 23(b)(3)............................................................................ 26, 27, 29

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................................30

Fed. R. Civ. P. 23(e)(1)(A) ...............................................................................14

Fed. R. Civ. P. 30(b)(6)...................................................................................4, 5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

## OTHER

FEDERAL JUDICIAL CENTER, JUDGES' CLASS ACTION NOTICE AND CLAIMS
PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE (2010)..........................10

HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 11.41
(4th ed. 2002)............................................................... 13, 14, 15, 16

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.63 (2004) ................ 2, 14, 15

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### MEMORANDUM OF LAW

## I.   INTRODUCTION

Plaintiff James Wesley Carter brought this consumer protection class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  As set forth in detail in Mr. Carter's Second Amended Complaint ("SAC") (Doc. 41), this is a consumer class action brought on behalf of applicants for employment with McDonald's restaurants owned and operated by the Defendants.[1]

The SAC asserted two separate counts against Defendants under the FCRA, only one of which is the subject of this class action settlement: Count I, which alleges that the Defendants systematically violated the rights of consumers who applied for jobs with McDonald's Restaurants by failing to provide job applicants with the clear and conspicuous disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes, in violation of section 1681b(b)(2) of the FCRA.  Numerous cases have found such practices to violate the FCRA.[2]

---

[1]   The "Defendants" or "Shalhoub Defendants" refers to Defendants Shalhoub Management Company, Inc., Desert Gate Management LLC, DNR Management LLC, DNS2 Management LLC, Shalhoub McDonald's, Richard and Dale Shalhoub Family Trust, and Richard M. Shalhoub.

[2]   *See, e.g., Robrinzine v. Big Lots Stores, Inc.,* No. 15-cv-7239, 2016 WL 212957 (N.D. Ill. Jan. 19, 2016); *Groshek v. Great Lakes Higher Education Corporation,*

The other two Counts in the SAC have been dismissed as to Plaintiff, and without prejudice to the class membership. [3]

By this motion, Plaintiff hereby commences the court approval process outlined in the MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.63 (2004) (hereinafter "MANUAL") for the settlement of class actions.  Plaintiff and his counsel

---

2015 WL 7294548 (W.D. Wis. Nov. 16, 2015); *Manuel v. Wells Fargo Bank, N.A.*, 2015 WL 4994538 (E.D. Va. Aug. 19, 2015); *Groshek v. Time Warner Cable, Inc.*, 2015 WL 4620013 (E.D. Wis. July 31, 2015); *Martin v. Fair Collections & Outsourcing, Inc.,* No. 14-03191, 2015 WL 4064970 (D. Md. June 30, 2015); *Rawlings v. ADS Alliance Data Systems, Inc.*, No. 15-04051, 2015 WL 3866885, at *6 (W.D. Mo. June 23, 2015); *Moore v. Rite Aid Hdqtrs Corp.*, No. 13-01515, 2015 WL 3444227 (E.D. Pa. May 29, 2015); *Lengel v. HomeAdvisor, Inc.*, No. 15-02198, 2015 WL 2088933, at *8 (D. Kan. May 6, 2015); *Speer v. Whole Food Market Group*, *Inc.*, No. 14-cv-3035, 2015 WL 1456981 (M.D. Fl. Mar. 30, 2015); *Milbourne v. JRK Residential America, LLC*, 2015 WL 1120284 (E.D. Va. March 10, 2015); *Miller v. Quest Diagnostics*, 2015 WL 545506 (W.D. Mo. Jan. 28, 2015); *Jones v. Halstead Management Company, LLC*, 81 F. Supp. 3d 324 (S.D.N.Y. 2015); *Avila v. NOW Health Group, Inc.*, 2014 WL 3537825, at *2-3 (N.D. Ill. July 17, 2014); *Reardon v. ClosetMaid Corporation*, 2013 WL 6231606, at *10-11 (W.D. Pa. Dec. 2, 2013); *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, at * 9 (D. Md. Jan. 25, 2012).

[3]   Count II of the SAC alleged that the Shalhoub Defendants use employment background reports to make adverse employment decisions without timely providing applicants who are the subject of these reports a copy of the reports obtained, along with a summary of rights, and a sufficient amount of time to contest and/or correct any errors in the reports, before taking adverse action, in violation of section 1681b(b)(3) of the FCRA.  Count II, as an individual claim, was settled separately, along with Count III, Plaintiff's individual claim against a co-defendant, Backgroundchecks.com.  Those individual counts have now been dismissed, leaving only the section 1681b(b)(2) class claim against the Shalhoub Defendants as the subject of this settlement.  Doc. No. 58.

respectfully request that the Court enter an order: (1) granting preliminary approval of the proposed Settlement Agreement attached hereto as Appendix I;[4] (2) certifying a Class as defined herein for settlement purposes; (3) approving the Parties' proposed notice program and form of notice; (4) directing that notice of the proposed Settlement be given to the Class; and (5) setting a final approval hearing to determine whether the proposed Settlement is fair, reasonable and adequate and whether an order awarding attorneys' fees, reimbursement of expenses and service award should be approved.

As set forth below, the proposed settlement is well "within the range of possible approval," such that the Court should grant preliminary approval, authorize notice to the Class, and schedule a final approval hearing. *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Before engaging in settlement negotiations, Plaintiff conducted a substantial amount of discovery and understood the strengths, weaknesses and risks of proceeding through to class certification and trial. The settlement discussions were always at arm's length and overseen by a retired judge familiar with the claims at issue. Further, Plaintiff is represented by counsel experienced in class action litigation and believes the

---

[4]    Unless otherwise defined herein, all capitalized terms herein have the same meaning as in the Settlement Agreement.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

settlement is more than fair, reasonable and adequate. Accordingly, Plaintiff respectfully requests that the Court grant this motion.

## II.  PROCEDURAL HISTORY

On July 29, 2015, Plaintiff filed a Complaint in the United States District Court for the Central District of California on behalf of a putative class of applicants for employment at the Shalhoub Defendants' McDonald's Restaurants, asserting the two FCRA claims described above.  Following responses to discovery, Plaintiff filed an Amended Complaint on March 1, 2016.  Defendants moved to dismiss on March 22, 2016.  Plaintiff then filed the SAC on April 1, 2016.  Defendants moved to dismiss the SAC under Rule 12(b)(6) and also moved to stay the litigation.

The Shalhoub Defendants had proposed mediation of the claims in January 2016.  Following the exchange of discovery and the deposition of the Rule 30(b)(6) witness designated by the Defendants, the parties agreed to proceed to mediation of the Count I claim with the Hon. Peter D. Lichtman of JAMS, in Los Angeles on May 18, 2016.  No agreement was reached that day; however, the Parties continued to negotiate between themselves and eventually reached an agreement in principle to settle the Count I, section 1681b(b)(2) claim, on a class basis.  The Parties notified the Court of the agreement in principle on July 7, 2016.  Doc. 55.

Documenting a settlement agreement and collateral documents took additional to draft and exchange drafts, and a series of telephone negotiations concerning the

details of the terms and conditions of the agreement.  The Parties eventually finalized their agreement as of September 9, 2016, resulting in the settlement document attached hereto as Appendix I.

## III.   THE PROPOSED SETTLEMENT

Plaintiff and the Shalhoub Defendants arrived at the proposed settlement in this case after two amendments of the original Complaint, briefing of motions to dismiss, the exchange of essential written discovery and the deposition of Defendants' Rule 30(b)(6) witness.   The Parties also conducted arm's-length, contentious negotiations (with the participation of Defendants' insurance carrier) that included a full day mediation session with a professional mediator and several additional sessions involving counsel for the Parties.   After several months of discussion following the mediation, the Parties reached agreement.

## A.   The Settlement Class

Under the Settlement Agreement at pp. 5-6, the Parties agreed to resolve the claims of the Class of persons defined as follows (the "Class"):

> All employees or applicants for employment at the Shalhoub Defendants' restaurants residing in the United States (including all Territories and other political subdivisions of the United States) as to whom, commencing July 29, 2013 and continuing through November 12, 2015, Defendants did not provide the clear and conspicuous stand-alone disclosure required by section 1681b(b)(2) of the FCRA.

For settlement purposes, Plaintiff Carter is to be appointed as the Class Representative on behalf of the Class Members, and undersigned Plaintiff's counsel are to be appointed as Class Counsel for the Class Members.

**B.    Injunctive Relief**

The Agreement documents Defendants' acknowledgment that it has implemented changes to its business practices as a result of the Lawsuit. App. I, Settlement Agreement, § 2.5.   Specifically, Defendants have ceased obtaining background reports on employment applicants as of November 12, 2015.  This term benefits the Class as well as future applicants for employment with Defendants.

**C.    The Consideration Provided To The Class Under The Settlement Agreement**

The Settlement Agreement requires Defendants to establish a Settlement Fund of $950,000.00 to settle the section 1681b(b)(2) claim.   An initial deposit of $70,000.00 will be paid to the Settlement Administrator within ten days following the entry of the Preliminary Approval Order, and the balance of $880,000.00 will be paid to the Settlement Administrator within five days of the Effective Date. Settlement Agreement, § 2.6.  From the Settlement Fund, the Parties have agreed that payments will be made as follows:

(a)    Initial costs of printing and sending notice to the Class in the amount of $2,500.00;

(b)    Within five (5) business days of the Effective Date:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

(i)   a check to each Class Member in the amount the Parties expect to be approximately $243.00;[5]

(ii)   the sum of ten thousand dollars ($10,000.00) as an individual settlement and service award to the Class Representative, subject to the approval of the Court;

(iii)   the Plaintiff's reasonable attorneys' fees and expenses, in an amount not in excess of one-third of the Settlement Fund, subject to the approval of the Court;

(iv)   the sum of $12,300.00 to the Settlement Administrator for the balance of costs of notice and settlement administration.

Settlement Agreement, § 2.6(a), (b). The Agreement provides that there will be no reversion of any funds to the Defendants under any circumstances. The amount represented by checks payable to Class Members that are not negotiated or that are returned and remain undeliverable after the ninety (90) day period shall be applied to a *cy pres* fund created that includes any residue of the Settlement Fund remaining for any reason. The *cy pres* fund shall be donated to the office of Inland Counties Legal Services, subject to court approval. The *cy pres* fund will be payable within sixty

---

[5]   There is no requirement that a Class Member fill out and submit a claim form in order to be paid. Defendants have represented that the size of the Class is no more than 2,514 persons, and Plaintiff has relied on that representation in entering into the Settlement Agreement. Each Class Member who does not opt out will automatically receive a check for approximately $243.00. Each check issued to Class Members pursuant to the Agreement shall be void if not negotiated within ninety (90) days after its date of issue, and shall contain a legend to such effect. Checks that are not negotiated within ninety (90) days after their date of issue shall not be reissued and shall expire. Settlement Agreement at § 2.6(c).

(60) days after the expiration of the ninety (90) day period following issuance of the checks. *Id*., § 2.6(d), (e).

**D.    A Release Of Section 1681b(b)(2) Claims Only**

The scope of the release to which each Class Member would be bound is limited to any all liability, causes of actions, claims that were asserted in the SAC invoking section 1681b(b)(2) of the FCRA. *Id*. § 4.1.  The settlement does not require the Class Members to release their claims for any other legal claim they may have against Defendants, including any claim relating to a violation of section 1681b(b)(3). Plaintiff, on behalf of himself only, will provide Defendants with a general release. *Id*. § 4.2.

**E.    The Required Class Action Fairness Act Notice**

Defendants will cause notice of the proposed settlement to be served under the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1715.  The CAFA Notice will be sent within ten days after the filing of the Settlement Agreement with the Court, and Defendants shall file a certificate of such service with the Court.  To account for the deadlines under governing law, the Parties request that the Final Approval Hearing be scheduled no earlier than 120 days from the date that this Motion is granted.

## F.    __Notice And Settlement Administration__

The Parties have hired the firm of American Legal Claims Services, LLC as Settlement Administrator.  The Settlement Administrator will certify the number and identity of the Class Members under the Class definition, and compile a final Class Member list.  To assist in this process, Defendants shall provide, within five (5) business days after entry of the Preliminary Approval Order, a Class Member list in readable and searchable electronic form to the Settlement Administrator.  For each Class Member, Defendants shall attempt to provide both the name and last known address.  In preparing the Class Member List, Defendants shall use reasonable, good faith efforts to identify Class Members.  The Settlement Administrator shall ensure that the information that it receives from Defendants and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendants as well as applicable law.

Not later than fourteen (14) days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a website labeled as www.CarterClassAction.Info (or something substantially similar) which will contain, among other things, the Notice in the form attached to the Settlement Agreement as Exhibit A; the Second Amended Complaint in this case; the Settlement Agreement;

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

the Motion for Preliminary Approval of the Settlement; and, the Preliminary Approval Order.

Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator will mail the Class Notice to each Class Member at their last known address, as updated by the Settlement Administrator with one round of skip-tracing.  With respect to those persons whose Notice by regular mail is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly attempt to obtain an updated address for each such person from the United States Post Office, and if such an address is obtained, shall resend the Notice to that updated address.  It is expected that the notice program will reach between 70% and 95% of Class Members, which is reasonable.  FEDERAL JUDICIAL CENTER, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE, at p. 3 (2010).

No later than fifteen (15) days prior to the Final Approval Hearing, the Settlement Administrator shall serve on the Parties' counsel a list of all persons who have timely opted out of the Class and who have timely objected to the settlement by submitting such opt out requests and such objections postmarked no later than 60 days after the date of mailing the Notice, as compiled by the Settlement Administrator.  The Settlement Administrator shall also at that time supply its determinations as to whether any request to opt out of the Class was not submitted

timely, and provide written notification to any Class Member whose request to opt out of the Class was not submitted on a timely basis. Settlement Agreement, § 3.1-8.

## G. Attorneys' Fees And Expenses; Service Award

The Settlement Agreement provides that, upon motion filed at least ten days prior to the Final Approval Hearing, Class Counsel shall request approval of reasonable attorneys' fees and costs not in excess of one-third of the Settlement Fund, subject to the approval of the Court, to which request Defendants will not object. *Id*. § 2.6(b)(ii).

Plaintiff will also apply for an individual settlement and service award for the Class Representative for his efforts in prosecuting this case including retaining counsel, assisting in discovery, and keeping abreast of the litigation. Defendants have agreed not to oppose the application for the award, which will be sought in the amount of $10,000, also subject to the approval of the Court. *Id.*, § 2.6(b)(ii).

## H. *Cy pres* Award

To the extent there are funds remaining in the Settlement Fund after all checks have been mailed to Class Members who did not opt-out of the settlement and the time period to cash the distributed settlement checks has expired, then any remaining Settlement Funds of any type shall be distributed to Inland Counties Legal Services, Inc. as a *cy pres* beneficiary, subject to Court approval. The Parties selected this non-

profit organization in compliance with *Lane v. Facebook, Inc*., 696 F.3d 811, 820 (9th Cir. 2012), and *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012).

Inland Counties Legal Services, Inc. is a nonprofit organization providing legal services to low-income persons residing in Riverside (where the events at issue in this case took place) and San Bernardino Counties.  ICLS provides legal assistance in areas including housing, family, consumer/civil, public benefits, elder abuse, citizenship clinics, bankruptcies, healthcare access, and domestic violence.  *See* http://www.inlandlegal.org/.

## I.   Exclusions And Objections

Under the Agreement, any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator no later than sixty (60) days after the Notice is mailed.

Likewise, any Class Member who has not previously opted-out may appear at the Final Approval Hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff; provided, however, that no individual within the Class shall be heard, and no objection may be considered, unless the individual files with this Court, and serves upon Class Counsel and Defense Counsel, his or her written objection no later than sixty (60) days after Notice is mailed. All objections must include: (1) the name of this litigation; (2) the objector's

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

name, address and telephone number; (3) the factual basis and legal grounds for the objection to the settlement; (4) the identity of all counsel who represent the objector; (5) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (6) the identity of all counsel representing the objector who will appear at the Final Approval Hearing.

## IV.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.   The Settlement Approval Process

The Ninth Circuit has a "'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quoting *Class Plaintiffs v. Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992)); *see also* HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2002) ("By their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise."). There is an "overriding public interest in settling and quieting litigation," *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976), and the Ninth Circuit "has long deferred to the private consensual decision of the parties" to settle, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) *vacated on other grounds* 688 F.3d 645.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Where, as here, the parties propose to resolve the claims of a class through settlement, they must obtain the court's approval.  *See* Fed. R. Civ. P. 23(e)(1)(A). The typical process for approving class action settlements is described in the MANUAL at §§ 21.632-.635 and is comprised of three steps:

(1)  Preliminary approval of the proposed settlement at an informal hearing;

(2)  Dissemination of mailed and/or published notice of the settlement to all affected class members; and

(3)  A "formal fairness hearing," or final approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Id.* at §§ 21.632-.635.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding class members' procedural due process rights and enabling the court to fulfill its role as the guardian of class members' interests.  *See* NEWBERG § 11.25.

Plaintiff asks that the Court grant preliminary approval of the proposed settlement.  At this stage, the Court "must make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms and must direct preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."  MANUAL § 21.632.  Courts should grant preliminary approval and

direct notice to the class if the settlement has no obvious deficiencies and "falls within the range of possible judicial approval."  *Beck-Ellman v. Kaz USA, Inc.,* No. 10-cv-02134, 2013 WL 1748729, at *5 (S.D. Cal. Jan. 7, 2013); *Alberto v. GMRI, Inc.,* 252 F.R.D. 652, 666 (E.D. Cal. 2008); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079; NEWBERG, *supra*, § 11.25.

## B.    <u>Preliminary Approval</u>

A proposed class action settlement is fair and should be preliminarily approved if the Court finds that: (1) the negotiations leading to the proposed settlement occurred at arm's length; (2) there was sufficient discovery in the litigation for the plaintiff to make an informed judgment on the merits of the claims; and (3) the proponents of the settlement are experienced in similar litigation.  *Young v. Polo Retail,* No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006); *see also Rodriguez*, 563 F.3d at 965, ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 280-81 (S.D.N.Y. 1999) ("a 'presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery'") (quoting MANUAL § 30.42 (3d ed.1995)); NEWBERG, *supra*, § 11.41. The settlement easily satisfies these requirements.

### 1.     The Settlement Negotiations Were At Arm's Length

Typically, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval." NEWBERG, *supra*, §11.41; *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (great weight given to the recommendation of counsel who are the most closely acquainted with the facts of the litigation); *In re Employee Benefit Plans Secs. Litig.*, No. 3-92-708, 1993 WL 330595, at *5 (D. Minn. June 2, 1993) (same).

There is no doubt that the proposed settlement was reached through arm's length bargaining.  From the beginning of the case, the Parties engaged in extensive, adversarial motion practice and discovery.  While mediation was raised relatively early as a possible means of resolution, Defendants nonetheless filed motions to dismiss and to stay the litigation.  At the same time, Plaintiff pushed ahead with pertinent written discovery and an extensive deposition of the Defendants' designee. With sufficient information to make the process meaningful, the Parties engaged in formal mediation before a well-respected mediator, armed with sufficient discovery and well-researched and thought-out assessment of the likelihood of success at certification and the merits.  Although the class settlement was not reached on the date of mediation, the Parties continued to negotiate among themselves and eventually reached a written class settlement agreement in principle.  The Parties then

proceeded to document the settlement and collateral documents, ultimately resulting in the formal settlement attached hereto as Appendix I.

Additionally, the fact that the settlement process and the progress made at that session was overseen by an experienced mediator indicates the settlement was anything but collusive. *See, e.g., Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007); *see also In re Netflix Privacy Litig.*, No. 5:11-cv-00379 EJD, 2012 WL 2598819, at *1, 2 (N.D. Cal. July 5, 2012).

### 2. Plaintiff's Counsel Had Ample Discovery to Make an Informed Judgment on the Merits of the Claims

As described above, before engaging in settlement negotiations, Plaintiff's counsel undertook substantial factual discovery regarding class certification, liability and damages, both from the Defendants and from the former co-Defendant, Backgroundchecks.com. Plaintiff's counsel reviewed many pages of documents and undertook a significant amount of informal factual discovery and research. Counsel analyzed all this information in light of relevant rulings by California District Courts and the Ninth Circuit. Accordingly, Plaintiff's counsel made informed decisions when negotiating the proposed settlement.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

### 3. Plaintiff's Counsel, Who Are Highly Experienced in Class Action Procedure and the Claims at Issue in the Case, Believe the <u>Settlement is Fair, Reasonable and Adequate</u>

In negotiating the proposed settlement, Plaintiff had the benefit of highly skilled and experienced counsel. Plaintiff's counsel have broad experience litigating and trying consumer and class action cases on behalf of plaintiffs. *See* note 7, *infra*. In their view, the settlement provides substantial benefits to the Settlement Class, especially when one considers the attendant expense, risks, delays, and uncertainties of litigation, trial and post-trial proceedings.

### 4. <u>The Risks of Litigation Support Approval</u>

The settlement provides all of the significant benefits described above to the Class without the risks, costs, and delays inherent in continued litigation, trial, and appeal of Plaintiff's claims. The expense, complexity, and duration of litigation are important factors considered in evaluating the reasonableness of a settlement. *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004). Litigating this class action through trial would be time-consuming and expensive. As with most class actions, the claims at issue are complex and risky.

Class certification always poses a risk and can often involve an expensive and prolonged battle of the experts in connection with certification, merits and damages issues.  If Plaintiff was unable to certify a class, the case would effectively be over, and the Class would gain nothing from continued litigation.  Assuming Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

prevailed at class certification, proving liability on the merits would require further risky litigation and additional expert work.  Even if Plaintiff successfully passed the certification and liability hurdles, a battle would likely ensue concerning whether Plaintiff and other Class Members have sustained damages and, if so, the proper measure of those damages, requiring yet more expert testimony and entailing further risks to Plaintiff's and the Class's chances of recovery.  Although Plaintiff is and remains confident in the strength of his case and is prepared to litigate it through trial at all times, the risks were numerous and real.

By contrast, the settlement provides significant cash benefits to the Class in the form of FCRA statutory damages.  Under the FCRA, a prevailing plaintiff in a class action may obtain, *inter alia*, actual damages and between $100 and $1,000 in statutory damages for each member of a class. 15 U.S.C. § 1681n(a)(1)(A).  At this stage of litigation, the automatic check in the amount of approximately $243.00 per Class Member (without having to file a claim or take any other action) represents a substantial benefit to the Class.  While Plaintiff's counsel firmly believes in the merits of Plaintiff's section 1681b(b)(2) claim, demonstrating liability on FCRA claims is not at all a certainty.  Liability under the FCRA is not strict and only arises upon a finding of negligence or willful failure to comply. 15 U.S.C. §§ 1681n and 1681o. Defendants contest liability in all regards.  Further, unless there is a finding of willful

noncompliance,[6] Plaintiff (and thus the Class) must establish actual damages. Consequently, absent approval of the settlement, Plaintiff will be put to challenging proofs, including as to issues of willfulness, and all Parties face the prospect of a long and expensive litigation which will likely culminate in a trial on a class-wide basis and, thereafter, a lengthy appeal (not to mention the likelihood of a requested interlocutory appeal relating to class certification under Rule 23(f)).

### 5.   The Settlement Presents No Deficiencies

#### a.   The *Cy Pres* Beneficiary Meets Ninth Circuit Requirements

In *Dennis v. Kellogg Co.,* 697 F.3d 858, 865 (9th Cir. 2012), the Ninth Circuit held that there must be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries[.]" That case involved claims for false advertising where the parties reached a settlement that provided for $5.5 million "worth" of Kellogg's food to be donated to charities that feed the indigent. In reversing the district court's order

---

[6]   In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69 (2007), the Supreme Court considered the standard for whether a defendant "willfully" violates the FCRA, including whether willfulness also includes "recklessness." *Id.* at 52. While it held that the former encompassed the latter, the Court also concluded that this willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. To overcome this hurdle, it is the plaintiff's burden to prove that a defendant's attempts to comply with the FCRA were "objectively unreasonable." *Id.*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

granting final approval, the Ninth Circuit stated that any *cy pres* award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and (3) must not benefit a group 'too remote from the plaintiff class.'" *Id.* at 865.

Here, to the extent the Settlement Fund is not fully distributed to Class Members, any residual amount would be distributed to Inland Counties Legal Services. The Class in this case is comprised of employment applicants whose background reports were obtained without their permission. The underlying statutory provision alleged in the litigation are intended to protect consumers from dissemination of their personal background information without their clear and informed consent. Inland Counties Legal Services provides legal services to low-income residents of Riverside and San Bernardino Counties. Those services benefit the interests of Class members, most of whom presumably reside in those counties, and serve the objectives of the underlying statute at issue in the litigation.

### b.  Plaintiff's Counsel's Anticipated Application for Attorneys' Fees

District courts have the discretion to award attorneys' fees based on a percentage of the common fund or based on the lodestar method. *See In re Wash. Pub, Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994). Additionally, attorneys may recover their reasonable expenses from a common fund. *See In re*

*Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008).   Here, Plaintiff's counsel will apply to the Court no later than ten days prior to the Final Approval Hearing for an award of attorneys' fees and expenses not to exceed one-third of the Settlement Fund and will make a full presentation in their application for attorneys' fees.   Ultimately, this Court will determine the amount of fees to award and this should not prevent granting preliminary approval to the settlement.

## V.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE

The use of settlement classes is common and proper in the resolution of class action lawsuits. *See, e.g., Gribble v. Cool Transports,* No. CV 06-04863, 2008 WL 5281665, at *3 (C.D. Cal. Dec. 15, 2008) (certifying class for settlement purposes only); *In re Connecticut General Life Ins. Co.,* No. MDL 1136, CV 95-3566, 1997 WL 910387, at *1 (C.D. Cal. Feb. 13, 1997) (certifying for the purposes of settlement, the settlement class defined in the settlement agreement).

Here, the Class is defined as:

> All employees or applicants for employment at the Shalhoub Defendants' restaurants residing in the United States (including all Territories and other political subdivisions of the United States) as to whom, commencing July 29, 2013 and continuing through November 12, 2015, Defendants did not provide the clear and conspicuous stand-alone disclosure required by section 1681b(b)(2) of the FCRA.

Settlement Agreement, pp. 5-6.

The settlement sets forth an identifiable class. Because it meets all the requirements of Rule 23, it should be certified for settlement purposes.

## A.    The Class Satisfies The Numerosity Requirement

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable."  Numerosity is undisputed.  Plaintiff alleged, and discovery confirmed, that 2,514 individual employment applicants with Defendants' restaurants had background reports obtained about them without their written permission during the class period, until Defendants ceased the practice.  *See* note 5, *supra*.  This number satisfies the numerosity requirement.

## B.    The Class Satisfies The Commonality Requirement

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  This means that the class members' claims "must depend on a common contention . . . of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* This requirement is also satisfied.

The commonality requirement is met for the Class because the claims of all Class Members arise from the same contentions, namely, that Defendants obtained

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

background reports on employment applicants without their written permission. Thus, the determination of whether the Defendants' practice violates section 1681b(b)(2) of the FCRA will resolve a central issue on a class-wide basis in "one stroke."

## C.   <u>The Plaintiff Meets The Typicality Requirement</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This requirement is also satisfied. Courts consistently find that the typicality requirement is met if the claims arise from a common course of conduct. Typicality does not require the claims to be substantially identical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Rather, the Ninth Circuit has found typicality if the requisite claims "'share a common issue of law or fact' . . . and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'" *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted), amended, 937 F.2d 465 (9th Cir. 1991).

Plaintiff, like other Class Members, was the subject of an unauthorized background report obtained by Defendants for employment purposes. Because Plaintiff is a member of the proposed Class, and asserts statutory violation claims on behalf of himself and all absent Class Members based upon Defendants' uniform conduct, practice and procedures, his claims are typical.

**D.**     <u>**The Plaintiff Satisfies The Adequacy Requirement**</u>

    Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150 F.3d at 1020. There are no conflicts of interest alleged or that could possibly exist here. Plaintiff seeks the exact same remedy as all Class Members: namely, the cessation of the challenged practice and statutory damages for the statute's violation. Plaintiff's interests, therefore, are perfectly aligned with the interests of the Class.

    The adequacy of Plaintiff and his counsel is evidenced by the settlement negotiated with Defendants, which provides for significant relief to the Class and will benefit the public at large. Further, counsel for Plaintiff are highly experienced in class action litigation, and have been involved in many class action settlements and actions, which further warrants preliminary approval of the settlement.[7]

---

[7]     The firm of Francis & Mailman, P.C. is highly regarded nationally for the high caliber of its work and experience in consumer protection litigation. The firm has been found to be well-qualified to represent consumer classes by courts in many districts, and has been certified as class counsel on over thirty (30) occasions. *See, e.g., Barel v. Bank of Am*., 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding Francis & Mailman, P.C. "to be competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the

**E.     The Class Satisfies The Criteria Of Rule 23(b)**

To certify a class under Rule 23(b)(3), this Court must find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Both criteria are met in this case.  The primary purpose behind Rule 23(b)(3) is the vindication of the rights of people who would not have the economic power or incentive to bring a wrongdoer into court to redress a wrong imposed on them.

**1.     Common Questions Predominate**

The predominance inquiry considers whether "questions of law or fact common to the class will predominate over any questions affecting only individual members as the litigation progresses." *Amgen Inc. v. Conn. Retirement Plans & Trust*

---

class in the instant litigation").  The firm has been appointed class counsel over objection and competing counsel's challenge in interim appointment litigation.  *See, e.g., White v. Experian Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014) (finding Francis & Mailman "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing group because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."), *affirmed sub nom Radcliffe v. Experian Information Solutions, Inc*., 818 F.3d 537 (9th Cir. 2016); *Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No. 3:11-cv-754, 2014 WL 4403524, at *11 (E.D. Va. Sept. 5, 2014) (finding Francis & Mailman, P.C. and its team adequate class counsel in contested objection), *aff'd sub nom. Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015).

*Funds,* 133 S. Ct. 1184, 1195 (2013). This analysis starts with the underlying causes of action. *Erica P. John Fund, Inc. v. Halliburton Co.,* 133 S. Ct. 2179, 2184 (2011).

Plaintiff's claims here center on the question whether Defendants' practice of obtaining background reports without the written permission of the consumers complied with section 1681b(b)(2) of the FCRA. Appropriately, the focus is on the defendant's conduct, not the plaintiff's. *Williams v. Gerber*, 552 F.3d 934, 938 (9th Cir. 2008); *Yokayama v. Midland Nat'l Life Ins. Co*., 594 F.3d 1087, 1089, 1094 (9th Cir. 2010). Given the objective standard and focus on Defendants' conduct, common questions of law and fact predominate.

### 2. A Class Action Is The Superior Method For The Fair And Efficient Adjudication Of This Controversy

This case also meets the second requirement of Rule 23(b)(3): that the class action be "superior to other available methods for the fair and efficient adjudication of the controversy." To determine the issue of "superiority," Rule 23(b)(3) enumerates the following factors for courts to consider:

> (A) [T]he interest of members of the class in individually controlling the prosecution . . . of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by . . . members of the class; (C) the desirability . . . of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Each of these factors counsels in favor of certifying the Class.

### 3. The Individual Class Members' Interest In Controlling The Litigation

First, there is little interest or incentive for Class Members to individually control the prosecution of separate actions. Each Class Member's individual claim is too small to justify the potential litigation costs that would be incurred by prosecuting these claims individually. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985); *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas*, 244 F.3d 1152, 1163 (9th Cir. 2001); *Wolin v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168, 1175–76 (9th Cir. 2010). Although the injury resulting from Defendants' obtaining unauthorized background reports on the Class Members are real and significant, the cost of individually litigating such a case against Defendants would easily exceed the value of any relief that could be obtained by any one consumer. This factor alone warrants a finding that a class action is a superior method of adjudication. *See Tchoboian v. Parking Concepts, Inc*., No. SACV 09-422, 2009 WL 2169883, at *7 (C.D. Cal. Jul. 16, 2009). Because the claims of each Class Member in this case are virtually identical, no one member of the Class would have a materially greater interest in controlling the litigation. *See Westways World Travel, Inc. v. AMC Corp.,* 218 F.R.D. 223, 240 (C.D. Cal. 2003).

### 4. Extent And Nature Of Litigation Already Commenced By Class Members

Plaintiff is unaware of any other actions by Class Members against Defendants asserting similar claims as here.  This factor also militates in favor of certification.

### 5. The Desirability Of Concentrating The Litigation In A Particular Forum

Certification is also superior because concentrating this litigation in one forum would not only prevent the risk of inconsistent outcomes but would also "reduce litigation costs and promote greater efficiency."  *Negrete v. Allianz Life Ins. Co. of North America,* 238 F.R.D. 482, 493 (C.D. Cal. 2006).  This "factor emphasizes the desirability of the forum selected, not the desirability of claims concentration generally." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 962 F. Supp. 450, 524 (D.N.J. 1997). The Central District is a compelling forum for this action as Defendants' conduct emanated from this District.

### 6. This Case Is Manageable As A Class Action

Finally, the question here is "whether reasonably foreseeable difficulties render some other method of adjudication superior to class certification." *Id. a*t 525. As the Supreme Court has held, manageability issues will not foreclose certification for settlement purposes.  *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable

management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial."). Therefore, there are no serious manageability difficulties presented by conditionally certifying this case for settlement purposes, such as choice of law issues. As this case will not go to trial if finally approved, all that would remain is settlement administration if the settlement is granted final approval. Hence, Plaintiff has satisfied the requirements of Rule 23(b)(3).

## VI.    THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover* Trust, 339 U.S. 306, 314 (1950). Notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; and (vi) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the Notice is written in easy and plain language and contains the information required by Rule 23(c)(2)(B). Settlement Agreement, Exhibit A. Accordingly, the form of notice and plan of dissemination should be approved.

# VII.   PROPOSED SCHEDULE

Plaintiff proposes, and the Settlement Agreement contemplates, the following schedule for the approval process.  If the Court grants preliminary approval, these time frames and deadlines will be triggered by the entry of the accompanying [Proposed] Order Preliminarily Approving Class Action Settlement and Directing Notice to the Class.

| Event | Date |
|-------|------|
| Entry of Preliminary Approval Order | Day 0 |
| Defendants shall provide Class Member list to the Settlement Administrator | Day 5 |
| Settlement Fund established with initial payment of $70,000 | Day 10 |
| Defendants to file certificate of service of CAFA Notice | Day 10 |
| Settlement website established | Day 14 |
| Notice mailed out | Day 30 |
| Deadline for Class Members to submit objections to the proposed settlement or requests for exclusion | Day 90 |
| Settlement Administrator to submit opt-out requests | Day 105 |
| Deadline for Plaintiff's Counsel to file Motion for Final Approval of Class Action Settlement, and for Award of Attorneys' Fees and Service Payment | Day 110 |
| Final Approval Hearing | Day 120 |

# VIII.   <u>CONCLUSION</u>

The settlement is an excellent result considering the nature of the litigation and the mediation process. Each Class Member is entitled to a cash recovery as a result of the settlement, regardless of whether they were aware that Defendants' conduct potentially violated the FCRA or whether they suffered actual harm. The terms of the settlement, as well as the circumstances surrounding negotiations and its elimination of further costs caused by litigating this case through trial and appeal, satisfy the strictures for preliminary approval.

WHEREFORE, Plaintiff requests that the Court enter an Order, substantially similar to the Proposed Preliminary Approval Order filed concurrently with this Motion, that: (1) grants preliminary approval to the proposed settlement; (2) approves of the proposed Notice filed concurrently with this Motion; (3) orders that the proposed Notice be mailed to Class Members in accordance with the Agreement; (4) approves the appointment of the Settlement Administrator; and, (5) sets the date of the Final Approval Hearing at the Court's earliest availability, but no sooner than 120 days from the date of the granting of this Motion.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

DATE:  September 15, 2016

*/s/ James A. Francis*
James A. Francis (*pro hac vice*)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

David A. Searles (*pro hac vice*)
100 South Broad Street, Suite 1902
Philadelphia, PA 19110
T: 215.735.8600
jfrancis@consumerlawfirm.som
dsearles@consumerlawfirm.com

Stephanie R. Tatar
**TATAR LAW FIRM, APC**
3500 West Olive Ave., Suite 300
Burbank, CA 91505
T: (323) 744-1146

*For Plaintiff, James Wesley Carter
and the Class*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, a true and correct copy of the foregoing has been filed electronically and is available for viewing and downloading from the federal courts' Electronic Cases Files system.  A copy of the foregoing has been served on counsel of record via the ECF system.


DATE:   September 15, 2016          */s/ James A. Francis*
                                    James A. Francis (*pro hac vice*)

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF