JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WESLEY CARTER, individually and on behalf of a class o similarly situated persons, | )<br>)<br>)   Case No. 5:15-cv-1531-MWF-JC |
| Plaintiff, | ) |
| vs. | )<br>) |
| SHALHOUB MANAGEMENT COMPANY, INC., DESERT GATE MANAGEMENT, LLC, DNR MANAGEMENT, LLC, DNS2 MANAGEMENT, LLC, SHALHOUI MCDONALD'S, RICHARD AND DALE SHALHOUB FAMILY TRUST, RICHARD M. SHALHOUB | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## <u>FINAL APPROVAL ORDER</u>

This matter, having come before the Court on the Plaintiff James Wesley Carter's Motion for Final Approval of the proposed class action settlement with Defendants Shalhoub Management Company, Inc., Desert Gate Management, LLC, DNR Management, LLC, DNS2 Management, LLC, Shalhoub McDonald's, Richard and Dale Shalhoub Family Trust, Richard M. Shalhoub ("Defendants"); the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered October 21,

2016 (Doc.64), a Class, and the Court, being fully advised in the premises, finds that:[1]

A. For purposes of settlement, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3). The class as defined in this Court's Preliminary Approval Order (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

B. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice by mail and website has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.

---

[1]  Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

C.    Defendants have timely provided notification of this settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that Defendants' notification complies fully with the applicable requirements of CAFA.

D.    The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representative.

E.    The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to members of the Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

F.    The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

G.    Victoria J. Garza has validly excluded herself from the Class in accordance with the provisions of the Preliminary Approval Order, and shall not be bound by the Settlement.

H.    The parties and each member of the Class have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

3

1       I.    It is in the best interests of the parties and the members of the Class and

2   consistent with principles of judicial economy that any dispute between any

3   member of the Class (including any dispute as to whether any person is a member

4   of the Class) and any Released Party which in any way relates to the applicability

5   or scope of the Settlement Agreement or this Final Judgment and Order of

6   Dismissal should be presented exclusively to this Court for resolution by this

7   Court.

8       IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

9       1.    This action is finally certified as a class action for settlement purposes

10  against Defendants Shalhoub Management Company, Inc., Desert Gate

11  Management, LLC, DNR Management, LLC, DNS2 Management, LLC, Shalhoub

12  McDonald's, Richard and Dale Shalhoub Family Trust, Richard M. Shalhoub, on

13  behalf of a Class defined as follows:

14      All employees or applicants for employment at the McDonald's
       Defendants' restaurants residing in the United States (including
15      all Territories and other political subdivisions of the United
       States) as to whom, commencing July 29, 2013 and continuing
16      through the final resolution of this case, McDonald's did not
       provide the clear and conspicuous stand-alone disclosure
17      required by section 1681b(b)(2) of the Fair Credit Reporting
       Act.

18      2.    The Settlement Agreement submitted by the parties is finally approved

19  pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable

20

4

and adequate and in the best interests of the Class Members. The parties are directed to consummate the Agreement in accordance with its terms.

3. This action is hereby dismissed on the merits, with prejudice and without costs.

4. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this action, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants, Plaintiff, and each Class Member for any suit, action, proceeding, or dispute relating to this Order or the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by any Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, is a suit, action or proceeding relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

5.     Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

6.     Upon consideration of the application for an individual settlement award, Class Representative James Wesley Carter is awarded the sum of ten thousand dollars ($10,000.00) in consideration for his individual claim against Defendants under section 1681b(b)(2) of the Fair Credit Reporting Act and the valuable service he has performed for and on behalf of the Class.

7.     Upon consideration of Plaintiff's unopposed request, the Consumer Federation of California is approved as *cy pres* recipient for purposes of paragraphs 2.6(d), (e) of the Settlement Agreement.

8.     All Class Members shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the action concerning the Settlement.

9.     Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Lawsuit or of any liability, fault or wrongdoing of any kind.

1     10.  Final Judgment is hereby entered in this action, consistent with the

2  terms of the Settlement Agreement.

3

4  Dated:  March 15, 2017     _____

5                               MICHAEL W. FITZGERALD
                               UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20